IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSE EDUARDO HERNANDEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:06-CV-550 |
| J. SMITH, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jose Eduardo Hernandez, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Warden J. Smith, Investigator Debra M. Harrell, the Gang Intelligence Officer, and Chief of Classification Doris Nsiah-Cruce.

The court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the case pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the

objections are without merit. Plaintiff has not demonstrated that any of the named defendants were deliberately indifferent to his safety.

In his objections, plaintiff mentions incidents that took place after the complaint was filed. Assuming the objections are meant to be an amended or supplemental complaint, allowing plaintiff to supplement the complaint at this point in the proceedings would cause undue delay. Plaintiff appears to be acting with a dilatory motive by raising the issue for the first time in his objections. Further, it would be futile to allow plaintiff to supplement the complaint because the incidents, which took place after the complaint was filed, could not have been exhausted before the lawsuit was filed. Accordingly, plaintiff is denied leave to amend the complaint. *See* FED. R. CIV. P. 15(a); *United States ex rel. Willard v. Humana Health Plan*, 336 F.3d 375, 386-87 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ).

### **ORDER**

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **12** day of **January, 2009.**

                                                            Ron Clark, United States District Judge